UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RICARDO RAMIREZ ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION |
| v. ) | |
| ) | NO. 14-40054-TSH |
| CITY OF WORCESTER, MICHAEL V. ) | |
| O'BRIEN, GARY J. GEMME, LARRY T. ) | |
| WILLIAMS, and DANA RANDALL, ) | |
| ) | |
| Defendants. ) | |

## ORDER

**January 20, 2015**

Plaintiff Ricardo Ramirez asserts claims under 42 U.S.C. §1983, the Massachusetts Civil Rights Act, and Massachusetts common law against two Worcester police officers, the City of Worcester, the Worcester Police Chief, and the former Worcester City Manager. The claims arise out of an alleged beating and false arrest of Plaintiff by Worcester police detectives Larry Williams and Dana Randall. The 49-page complaint also asserts a claim for municipal liability. Defendants have moved to strike the complaint under Fed. R. Civ. P. 12(f), or in the alternative, for a more definite statement under Fed. R. Civ. P. 12(e).

Motions to strike under Rule 12(f) are viewed with disfavor by federal courts. *See Boreri v. Fiat S.p.A.*, 763 F.2d 17, 23 (1st Cir. 2011). Although Plaintiff's complaint is verbose, disorganized and redundant, Defendants have not established sufficient prejudice to warrant the extreme remedy of striking Plaintiff's entire complaint.

Defendants' motion under Rule 12(e), however, will be granted. A party may move for a

1

more definite statement where a complaint "is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). Thirty-five of the complaint's 49 pages are devoted to descriptions of incidents that do not involve Plaintiff. These portions detail conduct by officers who are not named defendants, and incidents dating back nearly twenty years. Although allegations of the City's policing practices are generally relevant to Plaintiff's municipal liability claim, *see Monell v. Department of Soc. Serv. Of N.Y.*, 436 U.S. 658, 98 S. Ct. 2018 (1978), a catalogue of every past event of police abuse is unnecessary. The complaint's voluminous and meandering descriptions of police misconduct unreasonably inhibit the Defendants' ability to prepare a response, as well as the Court's ability to understand the claims alleged.

Therefore, the Defendants' motion to strike is ***denied***. Defendants' motion for a more definite statement is ***granted***. Plaintiff shall, within 14 days, file an amended complaint that provides a more definite statement of his claims. Plaintiff is reminded that each allegation must be concise and direct, and must not include matters that are redundant, immaterial, or impertinent. The Court will strike future pleadings that do not comply with this Order.

SO ORDERED.

*/s/ Timothy S. Hillman*
**TIMOTHY S. HILLMAN**
**DISTRICT JUDGE**