UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RICARDO RAMIREZ,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF WORCESTER, MICHAEL V. O'BRIEN, LARRY T. WILLIAMS, DANA RANDALL, AND GARY J. GEMME,<br><br>Defendants. | CIVIL ACTION<br><br>NO. 4:14-CV-40054-TSH |

**ORDER ON DEFENDANTS' MOTION FOR PROTECTIVE ORDER (Docket No. 22)**

**December 9, 2015**

**HILLMAN, D.J.**

Defendants have moved for a protective order pursuant to Rule 26(c)(1) of the Federal Rules of Civil Procedure in this police-misconduct case asserted against the City of Worcester and various officers. Defendants contend that Plaintiff has requested certain categories of information that are confidential and should not be subject to public filing or dissemination.

Defendants seek to designate the following categories of information as confidential: (1) Criminal Offender Record Information; (2) Worcester Police Department personnel files; (3) investigation reports generated by the Bureau of Professional Standards, formerly known as the Internal Affairs Division; (4) documents pertaining to the medical and/or psychological treatment of any City of Worcester employee; (5) records related to personal or financial history of any City of Worcester employee; (6) records related to employment and/or disciplinary action for any City of Worcester employee; (7) answers to interrogatories conveying personnel, Bureau of Professional Standards investigation information and/or disciplinary action related to any City

1

of Worcester employee; and (8) portions of deposition testimony concerning the above-listed confidential information.  Defendants do not object to disclosing relevant but confidential information to Plaintiff during discovery but instead seek to limit Plaintiff's ability to share this information or publish it to the court's public docket.

Plaintiff partially opposes the motion and argues that Defendant has failed to observe the terms of Local Rule 37.1, which requires parties to engage in substantive consultation before seeking a protective order.  Plaintiff does not object to Defendants' request for confidentiality of the following categories of documents: (1) documents pertaining to medical and/or psychological treatment of City of Worcester employees; (2) records related to personal or financial history of City of Worcester employees; and (3) notices to any City of Worcester employees of discipline or non-discipline.  Plaintiff objects to the wholesale confidentiality of (1) reports of investigations by the Bureau of Professional Standards; and (2) records of citizen complaints alleging excessive force and reports of inquiry or investigation into these complaints.

Defendants' motion (Docket No. 22) is hereby ***granted***, provided that, as discovery progresses, Plaintiff may, by motion, present argument as to why specific documents or portions of documents covered by the Protective Order should not be kept confidential.

**SO ORDERED.**

   */s/ Timothy S. Hillman*
   **TIMOTHY S. HILLMAN**
   **DISTRICT JUDGE**